UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DELOREAN L. BRYSON,

              Plaintiff,

      v.                                            Case No. 21-cv-0467-bhl

ROWE, et al.,

              Defendants.

_____

## SCREENING ORDER
_____

Plaintiff Delorean L. Bryson, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This matter comes before the Court on Bryson's motion for leave to proceed without prepayment of the filing fee and for screening of the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Bryson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Bryson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $198.01. The Court will grant Bryson's motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS

Bryson is an inmate at the Green Bay Correctional Institution (GBCI). Dkt. No. 1, ¶¶1, 9. On September 15, 2015, defendants Rowe and Barber transported Bryson to the Milwaukee County Jail for a court appearance scheduled for the following day. *Id*., ¶¶10-12. Rowe conducted a "routine pat down search" at the institution before the transport. *Id*., ¶13. Rowe patted down one of Bryson's legs, and as he moved up the same leg, he "grabbed the penis and testicles at the same time in a sexual massage like grab of the plaintiff." *Id*. Bryson jumped and said, "what are you doing, that is not protocol," in an attempt to get the attention of defendants John Does #1-3 and Barber. *Id*., ¶14. Rowe then moved on to the other leg and did the same thing, "grabb[ing] the penis and the testicles and squeez[ing] in a sexual like manner." *Id*., ¶15. Again, Bryson jumped and shouted, trying to get anyone's attention. *Id*., ¶16.

Bryson later talked to Barber, who told him to "leave it alone." *Id*., ¶17. Bryson stated that he would not leave it alone because he was just sexually assaulted by staff. *Id*. Barber then told him, "ok, you do not want to keep this up when we get to the county." *Id*., ¶18.

At the Milwaukee County Jail, Bryson asked Jane Doe for a grievance form. *Id*., ¶19. Bryson also called the Prison Rape Elimination Act (PREA) tip line. *Id*., ¶20. A few days later, on September 18, 2015, Bryson filed an inmate complaint about the sexual assault. *Id*., ¶21. Two days after that, on September 20, 2015, Bryson again called the PREA phone line. *Id*., ¶22. On September 25, 2015, Bryson wrote to defendant Hodel asking him to investigate the situation and to provide the names of the John/Jane Does. *Id*., ¶23. Bryson never received a response. *Id*., ¶24. Bryson states that Lieutenant Stevens (not a defendant) also interviewed him in regard to a sexual

assault that occurred at the Brown County Police Department. *Id*., ¶¶25-26. For relief, Bryson seeks monetary damages.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Section 1983 limits liability to public employees who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983 . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Bryson asks to proceed with an Eighth Amendment "cruel and unusual punishment" claim. Dkt. No. 1 at 7. "Prison authorities violate the Eighth Amendment when they treat inmates in a way that is 'motivated by a desire to harass or humiliate' or 'intended to humiliate and cause psychological pain.'" *Chatman v. Ill. Dept. of Corr*., 685 F. App'x. 487, 489 (7th Cir. 2017) (quoting *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015)). In the context of bodily searches, "only those searches that are maliciously motivated, unrelated to institutional security, and hence totally without penological justification are considered unconstitutional." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). Prison officials are permitted to touch, pat down, and search a

prisoner in order to determine whether the prisoner is hiding anything dangerous on his person. *Id*. However, a search may violate the Eighth Amendment if it is "conducted in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun v. Detella*, 319 F.3d 936, 939 (7th Cir. 2003). "An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the plaintiff's sexual desires, can violate a prisoner's constitutional rights." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012).

Bryson alleges that Rowe conducted a pat down search in a harassing, humiliating, and inappropriate manner. He states that Rowe "grabbed [his] penis and testicles" in a "sexual massage" like manner. He states that there was no penological reason for Rowe to "squeeze" his penis and testicles during a routine pat-search other than for Rowe's own sexual gratification. Based on these allegations, Bryson may proceed with an Eighth Amendment claim that Rowe conducted an inappropriate pat-search on September 15, 2015.

The Court will dismiss the remaining defendants from the case based on failure to state a claim upon which relief can be granted. Bryson names "GS4" as a defendant in this case, but he does not allege any facts at all about this party. It's unclear who/what GS4 is and how they were involved in this incident. With respect to Barber and John Does #1-3, Bryson fails to allege facts from which the Court can infer they were aware of what was happening during the pat down search and had a reasonable opportunity to intervene to prevent the harm. *See Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004) (noting that the personal responsibility requirement of a failure to intervene claim requires that a correctional officer must have had a "realistic opportunity to step forward and prevent a fellow correctional officer from violating a plaintiff's rights…"). Bryson alleges that he "shouted trying to get everyone['s] attention" during the incident, but he does not allege that he actually got anyone's attention or that any of those individuals actually saw, heard,

or knew what was going on and had a realistic opportunity to intervene. Without these facts, Bryson fails to state a claim for failure to intervene against Barber and John Does #1-3.

Bryson also alleges that, after the incident occurred, he had a conversation with Barber during which Barber stated, "leave it alone." Bryson similarly alleges that Jane Doe and Hodel were aware of what happened after the fact because Bryson requested grievance forms and asked for the incident to be investigated. But the Constitution does not require prison officials to investigate or otherwise correct wrongdoing after it has happened. *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Barber, Jane Doe, and Hodel are not liable for their failure to investigate or correct wrongdoing after it occurred. The Court will dismiss GS4, Barber, Hodel, Jane Doe Correctional Officer at the Milwaukee County Jail, and John Does #1-3 Correctional Officers at Green Bay Correctional Institution from this case.

## Conclusion

The Court concludes that Bryson may proceed with an Eighth Amendment claim that Rowe conducted an inappropriate pat-search on September 15, 2015.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that GS4, Sgt. Barber, Lt Hodel, Jane Doe Correctional Officer at the Milwaukee County Jail, and John Does #1-3 Correctional Officers at Green Bay Correctional Institution are **DISMISSED** from this lawsuit.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of the plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on Rowe.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Rowe shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the **$151.99** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 24th day of June, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge