UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DELOREAN L. BRYSON,

    Plaintiff,

  v.                                                     Case No. 21-cv-0467-bhl

MICHAEL ROWE,

    Defendant.

---

## ORDER

---

Plaintiff Delorean L. Bryson, who is representing himself, is proceeding with a claim that defendant Michael Rowe conducted an inappropriate pat-search by "grabbing" his penis/testicles as he went up the outside of his pant leg. Dkt. No. 10. This matter comes before the Court on Bryson's motion to reconsider the screening order, which dismissed some defendants including Sergeant Barber and John/Jane Does #1-3 from the case. *Id*. at 3.

Bryson states that he "jumped and said in a scared/angry tone what are you doing" after Rowe casually grabbed his penis/testicles during the pat-search. *Id*. Bryson states that Sergeant Barber and John/Jane Does #1-3 "were right there when all this went down," so they were "aware of what happened." *Id*. But being *aware* of what happened is not enough to state a claim under the Eighth Amendment. The defendants must have also had a realistic opportunity to intervene to prevent the harm. *See Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004) (noting that the personal responsibility requirement of a failure to intervene claim requires that a correctional officer must have had a "realistic opportunity to step forward and prevent a fellow correctional officer from violating a plaintiff's rights…"). Bryson only alleges that these individuals may have

been aware of (or may have figured out) what happened *after* it had already happened; he does not allege that they had a realistic opportunity to step forward and prevent Rowe from violating his constitutional rights. The constitution also does not require individuals to investigate or otherwise correct the wrongdoing *after* it has already happened. *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Thus, as previously explained in the screening order, Bryson does not have any claims against Sergeant Barber or John/Jane Does #1-3 regarding this incident.

Bryson also alleges that one of the Jane Does violated his First Amendment right to petition the court for redress of grievances because she did not allow him to exhaust his administrative remedies by filing an inmate grievance. But the Seventh Circuit has long held that an inmate has no constitutional right to file inmate grievances. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430–31 (7th Cir. 1996) ("[A]ny right to a grievance procedure is a procedural right, not a substantive one."). If Bryson believes that he was not able to exhaust administrative remedies regarding this incident because someone prevented him from filing an inmate grievance, he will be able to argue, through dispositive motions, that administrative remedies were not "available" to him. But Bryson does not have any constitutional claims against Jane Doe regarding his inability to file inmate grievances. The Court will deny the motion to reconsider.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to reconsider (Dkt. No. 19) is **DENIED**.

Dated at Milwaukee, Wisconsin this 24th day of September, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge