UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DELOREAN L. BRYSON,

                Plaintiff,

v.                                              Case No. 21-cv-0467-bhl

MICHAEL ROWE,

                Defendant.

## NOTICE AND ORDER

Plaintiff Delorean L. Bryson, who is representing himself, filed a complaint under 42 U.S.C. §1983. On October 18, 2021, Defendant filed a motion for summary judgment based on failure to exhaust administrative remedies. Dkt. No. 31. Under Civil Local Rule 56(b)(2), Bryson's materials in response to the motion are due within thirty days of service of the motion, or by **November 17, 2021**. In responding to the motion, Bryson must respond to each of the proposed findings of fact by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact. If he does not indicate one way or the other, the Court will assume that he does not dispute the proposed fact and will accept it as true for purposes of summary judgment. Bryson must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the Court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746.[1] An unsworn declaration is a way for a party to tell his side of the story while declaring to the Court that

---

[1] At the bottom of his declaration, he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

everything in the declaration is true and correct. Bryson must also respond to the legal arguments in the brief.

If Bryson fails to respond to the motion by the deadline, the Court will accept all facts asserted by Defendant as undisputed, which will likely result in summary judgment being granted in Defendant's favor and the case being dismissed. Further, the Court reminds Bryson that, under Civil Local Rule 7(d), his failure to respond to Defendant's motion may be sufficient cause for the Court to grant the motion as a sanction for noncompliance with Civil Local Rule 56 and this order.

If Bryson believes he needs additional time to prepare his response materials, he must file a motion asking the Court to extend the deadline *before* his response materials are due. If he files such a motion, he must explain why he needs additional time and how much additional time he needs.

**IT IS THEREFORE ORDERED** that, if by **November 17, 2021**, Bryson does not respond to the summary judgment motion or does not request additional time to do so, the Court will accept all facts asserted by Defendant as undisputed and may grant the motion as a sanction for noncompliance. *See* Civ. L. R. 7(d).

Dated at Milwaukee, Wisconsin on October 20, 2021.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge