UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DELOREAN L. BRYSON,

        Plaintiff,

    v.                                        Case No. 21-cv-467-bhl

MICHAEL ROWE,

        Defendant.

# DECISION AND ORDER

Plaintiff Delorean L. Bryson is representing himself in this section 1983 lawsuit. The Court screened the complaint on June 24, 2021 and allowed Bryson to proceed with a claim that Defendant Michael Rowe conducted an inappropriate pat-search of Bryson at the Green Bay Correctional Institution on September 15, 2015. Dkt. No. 10. On October 18, 2021, Rowe filed a motion for summary judgment based on Bryson's failure to exhaust administrative remedies prior to bringing this lawsuit. Dkt. No. 31. Bryson filed materials in response to the motion on November 17, 2021, *see* Dkt. Nos. 39-41, and he filed a "motion for leave to file statement of disputed facts and a motion for sanctions" on November 18, 2021, *see* Dkt. No. 43. On February 28, 2022, the Court stayed the scheduling order pending resolution of the motion for summary judgment on exhaustion grounds. Dkt. No. 47.

## MOTION FOR LEAVE TO FILE STATEMENT OF DISPUTED FACTS

On November 18, 2021, one day after Bryson's summary judgment response materials were due, Bryson filed a motion for leave to file statement of disputed facts. Dkt No. 43. He explains that he forgot to include this document with the other materials he had submitted in

response to the motion for summary judgment. *Id*. Bryson asks the Court to accept the document one day late. The Court will grant the motion and will consider his statement of disputed facts, *see* Dkt. No. 43-1, in resolving the motion for summary judgment below.

## FACTS

On September 15, 2015, Rowe allegedly conducted an inappropriate pat-search of Bryson at the Green Bay Correctional Institution. Dkt. No. 1. About six days later, on September 21, 2015, Bryson filed an offender complaint with the institution alleging that Rowe "grabbed his penis and testicles in a sexual way" twice during a pat-search on September 15, 2021. Dkt. No. 40-1 at 1. The Institution Complaint Examiner (ICE) recommended dismissing the complaint on September 23, 2015, and the Reviewing Authority (RA) accepted ICE's recommendation and dismissed with a modification that same day. Dkt. No. 40-1 at 4. Bryson appealed the decision on September 27, 2015, *see* Dkt. No. 40-1 at 3, and the Corrections Complaint Examiner (CCE) recommended dismissing the appeal with a modification on November 25, 2015, *see* Dkt. No. 40-1 at 5. The Office of the Secretary of the Department of Corrections (OOS) accepted the CCE's recommendation and dismissed the appeal with a modification on December 4, 2015. Dkt. No. 40-1 at 5.

Bryson filed this federal lawsuit on April 13, 2021. Dkt. No. 1. Bryson's complaint did not affirmatively allege that he exhausted "all" administrative remedies prior to filing this lawsuit. Dkt. No. 33 at 2. Instead, Bryson only noted in his complaint that he filed an inmate complaint regarding the September 15 issue with Rowe on or around September 18, 2015. Dkt. No. 33 at 1.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp.*

2

*v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party asserting that a fact is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

**ANALYSIS**

The defendant asserts that he is entitled to summary judgment because Bryson did not affirmatively allege in his complaint that he exhausted "all" administrative remedies prior to filing this lawsuit. Dkt. Nos. 32-33. Bryson opposes the motion and attaches copies of: (1) the offender complaint he filed regarding the issue with Rowe from September 15, 2015; (2) the inmate complaint appeal he filed; and (3) the Department of Corrections (DOC's) "general report" summarizing the disposition of the offender complaint and subsequent appeals. *See* Dkt. No. 40-1.

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are

3

exhausted." 42 U.S.C. §1997e(a). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *See Chambers v. Sood,* 956 F.3d 979, 983 (7th Cir. 2020) (citing *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)). Exhaustion is an affirmative defense; thus, the defendant bears the burden of proving that an inmate failed to exhaust. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008).

Wisconsin has established the Inmate Complaint Review System (ICRS) to review inmate grievances. Wis. Admin. Code § DOC 310.01. Inmates must file an inmate complaint with ICE within 14 days of the relevant occurrence. Wis. Admin. Code § DOC 310.07(2). The inmate complaint must provide enough facts to give the defendant "notice of, and an opportunity to correct, a problem." *Price v. Friedrich*, 816 F. App'x 8, 10 (7th Cir. 2020) (quoting *Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020)). The inmate must then appeal his inmate complaint through the proper channels all the way to the OOS, the final decision maker. §§ DOC 310.05; DOC 310.13(3).

The Court will deny the motion for summary judgment for two reasons. First, the defendant has not provided any evidence showing that Bryson failed to exhaust administrative remedies. *See* Dkt. Nos. 31-33. Instead, the defendant appears to have shifted that burden to Bryson by asserting that Bryson did not plead it in the complaint. But it is well established law that inmates are not required to plead exhaustion in the complaint. *Pavey*, 544 F.3d at 740–41 (7th Cir. 2008) (citing *Jones v. Bock,* 549 U.S. 199 (2007)) ("The Supreme Court has held that the failure to satisfy [exhaustion] is an affirmative defense, which means that the plaintiff need not plead that he exhausted his administrative remedies.") Rather, it was rather the defendant's burden to provide evidence at summary judgment showing that Bryson failed to exhaust administrative remedies, which he did not do. The defendant appears to argue that Bryson called the Prison Rape

4

Elimination Act (PREA) "tip line" on September 18, 2015, and when Bryson did not receive a response, he should have "appealed" it. Dkt. No. 32 at 7. It's unclear how Bryson would have "appealed" a non-response to a phone call. And, in any case, the ICRS specifically provides that "[a]n inmate may file a complaint alleging sexual abuse using the procedures under this chapter." § DOC 310.08. The ICRS even provides that "an inmate may file a complaint regarding sexual abuse or sexual harassment at any time," *see* § DOC 310.08(1), meaning the usual time limits that apply to other inmate complaints do not apply to allegations of sexual abuse.

Second, Bryson has evidence that he *did* exhaust his administrative remedies. He attached copies of the offender complaint he filed regarding the issue with Rowe, the inmate complaint appeal he filed, and the DOC's "general report" summarizing the disposition of the offender complaint and subsequent appeals. *See* Dkt. No. 40-1. The offender complaint was timely filed six days after the incident and it gave adequate notice of the claim by alleging that Rowe had "grabbed his penis and testicles in a sexual way." *Id*. at 1-2. The DOC's general report shows that Bryson appealed the offender complaint through the proper channels all the way to OOS. *Id*. at 4-5. Based on the Court's review of the record, Bryson properly exhausted his administrative remedies. Moreover, the defendant did not file a reply to Bryson's response identifying any issues with the manner in which Bryson exhausted his administrative remedies. Therefore, the Court will deny the motion for summary judgment, lift the stay, and set new deadlines for the completion of discovery and dispositive motions on the merits.

## MOTION FOR SANCTIONS

Bryson asks the Court to sanction the defendant for filing a frivolous motion that was "a straight waste of the court's time." Dkt. No. 43 at 1. The Court will not do that. The defendant

5

did not meet his burden to prevail on his motion for summary judgment but that does not mean that the motion was frivolous or warrants sanctions for wasting the Court's time.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the defendant's motion for summary judgment based on failure to exhaust administrative remedies (Dkt. No. 31) is **DENIED.**

**IT IS FURTHER ORDERED** that the stay is lifted. Discovery is reopened until **June 28, 2022**; and dispositive motions on the merits are due by **July 28, 2022**.

**IT IS FURTHER ORDERED** that the plaintiff's "motion for leave to file statement of disputed facts and a motion for sanctions" (Dkt. No. 43) is **GRANTED in part** and **DENIED in part**. The motion for leave to file statement of disputed facts one-day late is granted. The motion for sanctions is denied.

Dated at Milwaukee, Wisconsin on March 28, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge