UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DELOREAN L. BRYSON,

        Plaintiff,

    v.                            Case No. 21-cv-467-bhl

MICHAEL ROWE,

        Defendant.

## DECISION AND ORDER

Plaintiff Delorean L. Bryson, who is representing himself, is proceeding on an Eighth Amendment claim that Defendant Michael Rowe conducted an inappropriate pat-down search at the Green Bay Correctional Institution on September 15, 2015. Dkt. Nos. 1 & 10. On June 30, 2023, Defendant filed a motion for summary judgment. Dkt. No. 77. Because no reasonable jury could conclude that Defendant's conduct violated the Eighth Amendment, the Court will grant the motion and dismiss the case.

### FACTUAL BACKGROUND

At the relevant time, Bryson was an inmate at the Green Bay Correctional Institution. Dkt. No. 1, ¶¶1, 9. Defendant was a prison transport officer for G4S Solutions whose duties included transporting inmates to and from different facilities throughout Wisconsin. Dkt. No. 78. ¶¶1-2.

On September 15, 2015, Plaintiff was scheduled for transportation to the Milwaukee County Jail for a forthcoming court date. *Id.*, ¶6. Prior to the transportation, Green Bay staff took Bryson to a side-room and conducted a standard strip-search for contraband. Dkt. No. 83, ¶3.

After the strip-search, Bryson stepped out of the side-room into the sally-port, where Defendant and his colleague were waiting to begin the transportation process. *Id*.

The dispute in this case involves a pat-down search that occurred in the sally-port prior to the prison transportation. According to Bryson, he entered the sally-port and Defendant told him to turn around, so he could apply arm and leg restraints. Dkt. No. 83, ¶3. Bryson states that he complied with Defendant's orders. *Id*. After Bryson was restrained, Defendant stated that he would be preforming a pat-down search of Bryson's body. *Id*. Defendant allegedly "patted down [Bryson's] leg, coming up he grabbed [Bryson's] genital area." *Id*., ¶4. Bryson jumped back and said, "what type of shit you on, you can't do that, that's not protocol. You just seen I got strip search." *Id*., ¶5. Defendant moved on to the other leg and did the same thing. *Id*., ¶6. Bryson then loudly complained that he had been sexually assaulted, but was told by other officers to "leave it alone." *Id*., ¶¶7-11. During his deposition, Bryson conceded that Defendant only touched his genital area for a "split second," *see* Bryson Depo., Dkt. No. 78-8 at 39:22-23, and he admitted that Defendant did not make any other notable statements, noises, or gestures that led him to believe the pat-down search was sexual in nature, *id*. at 41:10-16. Bryson explained at the deposition that he believed Defendant's split-second touches were sexual in nature "because it's not protocol" and "he [Defendant] had no reason to do those." *Id*. at 41:17-21.

According to Defendant, he gave Bryson verbal instructions in the sally-port which Bryson refused to follow. Dkt. No. 78, ¶¶8-9. Bryson was "boisterous" and uncooperative and pulled away from Defendant. *Id*., ¶9. As a part of his job duties, Defendant was trained on how to conduct inmate pat-down searches, along with signs to look for that an inmate is hiding contraband. *Id*., ¶¶3-4. Pulling away from an officer is a sign of hidden contraband. *Id*. Based on his training, Defendant believed that Bryson's behavior was consistent with an inmate attempting to conceal

2

contraband, so he believed a thorough pat-down search was necessary. *Id.*, ¶¶4, 10. Defendant states that he completed the pat-down search consistent with his training. *Id.*, ¶¶12-13. He states that it is standard practice for an officer's hand to go up the inside of both legs to check for contraband hidden in the genital area. *Id.*, ¶¶3, 7, 12. He states that he did not do any portion of the pat-down search for sexual gratification or for an inappropriate purpose. *Id.* Defendant additionally notes that, before an inmate is transferred to a different facility, it is common security practice for both a strip-search by institution staff and a pat-down search by G4S Solutions transportation staff. *Id.*, ¶7. Toward that end, Defendant states that Bryson received both a strip-search and a pat-down before every transport he went on, *see id.*, and Bryson conceded in his deposition that he was both strip-searched by institution staff and pat-searched by GS4 staff prior to *every* transportation he has ever taken. Bryson Depo., Dkt. No. 78-8 at 25:24-26:21.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party asserting that a fact is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

3

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

The Eighth Amendment prohibits "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 320 (1986). A prison official conducting a security measure, such as a pat-down search of an inmate, can violate the Eighth Amendment "in one of two ways: by maliciously inflicting pain or injury or by performing some action that is intended to humiliate the victim or gratify the assailant's sexual desires." *Gills v. Pollard*, 554 F. App'x. 502, 505 (7th Cir. 2014) (internal citations and quotations omitted). An "unwanted touching" of a prisoner's private parts can violate the Eighth Amendment if the officer "intended to humiliate the victim or gratify [his own] sexual desires." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir 2012).

But not "every malevolent touch by a prison guard" violates the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The conduct must involve "significant force," *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012), or, if the force is de minimis, it must be "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 10 (quoting *Whitley*, 475 U.S. at 327). The purpose of this requirement is to "emphasize an important difference" between constitutional law and tort law. *Guitron*, 675 F.3d at 1046. "In tort law, any unconsented and offensive touching is a battery," and even a "tickle with a feather can lead to an award of damages." *Id.* Such is not the case with constitutional law. *Id.* Toward that end, the Seventh Circuit recently held that "an isolated slap of a hand on clothed buttocks that cause[d] no injury is not, by itself, cruel and unusual punishment." *Holloway v. Doe*, No. 22-2717, 2023 WL 7412949, at *2 (7th Cir. Nov. 8, 2023).

4

Defendant asserts that he is entitled to summary judgment because no reasonable jury could conclude that he performed a pat-down search on September 15 to harass, humiliate, or for his own sexual gratification. Dkt. No. 78 at 6-10. Defendant claims that some incidental contact with the genital area naturally occurs during a pat-down search; and there is no other evidence on the record showing an intent to harass, humiliate, or for sexual gratification. *Id*. Bryson responds by asserting that there are various "disputed facts" that must be resolved through a trial. Dkt. No. 82.

Based on the evidence on the record, no reasonable jury could conclude that Defendant performed a pat-down search on September 15, 2015 to harass, humiliate, or for his own sexual gratification. Even assuming every fact Bryson alleges is true, and taking all reasonable inferences from those facts in Bryson's favor, he still cannot establish an Eighth Amendment claim. As a preliminary matter, there is no dispute that prior to every prison transport, institution staff conduct a strip-search and transportation staff conduct a pat-down search for legitimate security reasons, *i.e.*, to look for contraband. Bryson's half-hearted attempts to assert that Defendant *initiated* a wholly unnecessary pat-down search on September 15 (because he had already previously been strip-searched by institution staff) is undermined by his own explanation of Defendant's understanding of standard "protocol" during prison transportations. *See* Bryson Depo., Dkt. No. 78-8 at 25:24-26:21. Bryson admits that every transportation he ever went on included both a strip-search and a pat-down search. *Id*. In other words, there was nothing unusual about Defendant initiating a pat-down search before a prison transportation.

The dispute in this case, therefore, boils down to the manner in which the pat-down search was conducted, *i.e.*, whether a "split second" touch of Bryson's genital area during the pat-down search was intended to harass, humiliate, or satisfy sexual gratification. Defendant argues that there is no evidence on the record showing that he intended to harass, humiliate, or satisfy sexual

5

gratification. He states that he derives no pleasure from conducting a pat-down search on an inmate; that he conducted the pat-down search consistent with his training, which includes checking for contraband hidden in the genital area; and that Bryson admitted during his deposition that Defendant did not make any notable statements, noises, or gestures that led him to believe the pat-down search was sexual in nature. Bryson has not offered any evidence in response from which an intent to harass, humiliate, or satisfy sexual gratification can be inferred. Instead, he asks the Court to assume that Defendant intended to gratify his sexual desires simply because he touched a private area of his body. But the Seventh Circuit has explicitly rejected that proposition. *See Holloway*, 2023 WL 7412949, at *1-2 ("[Plaintiff] argues that we should presume an officer intends to gratify his sexual desires whenever he touches a private area without penological justification. But [Plaintiff] cites no authority for this presumption, and we know of none."). Indeed, absent allegations of "significant force," or alternatively, "de minimis contact" that is "repugnant to the conscience of mankind," Bryson has no Eighth Amendment claim. *See id*. Bryson's assertions in this lawsuit do not meet that standard.

The Court notes that some incidental contact with the genital area is to be expected during a pat-down search because it is intended to look for contraband hidden in the genital area. It is unfortunate that close proximity to his genitals made Bryson uncomfortable, but that does not mean that he was sexually assaulted or that his constitutional rights were violated. Based on the record, no reasonable jury could conclude that Defendant performed a pat-down search on September 15, 2015 to harass, humiliate, or for his own sexual gratification. Therefore, the Court will grant the motion for summary judgment and dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Dkt. No. 77) is **GRANTED**; and this case is **DISMISSED**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 29, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.